[No. B197993. Second Dist., Div. Two. Dec. 18, 2007.]

MARY HUTTON SNYDER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CATERPILLAR, INC., et al., Real Parties in Interest.

## COUNSEL

Keller, Fishback & Jackson, Daniel L. Keller, Stephen M. Fishback; Law Office of Bryce C. Anderson and Bryce C. Anderson for Petitioners.

No appearance for Respondent.

Sedgwick, Detert, Moran & Arnold, Kirk C. Jenkins, Steven D. Wasserman, Michael C. Scanlon, Jr., Reynold M. Martinez, Frederick D. Baker and Kelly J. Savage for Real Party in Interest Caterpillar, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker, Howard L. Halm and Aide C. Ontiveros for Real Party in Interest Asbestos Corporation, Ltd.

Tucker Ellis & West, Jean A. Hobart and Nathan T. Newman for Real Party in Interest Carrier Corporation.

McKenna Long & Aldridge, William J. Sayers, Farah S. Nicol and Margaret I. Johnson for Real Parties in Interest CertainTeed Corporation, Metalclad Insulation Corporation, Lennox Industries, Inc., and Maremont Corporation.

Kirkpatrick & Lockhart, Preston Gates Ellis, Robert E. Feyder, Paul K. Stockman and Jennifer N. Hunt for Real Party in Interest Crane Co.

Dillingham & Murphy, Jack C. Henning and Alice K. Loh for Real Party in Interest Deere & Company.

Gordon & Rees, Michael Pietrykowski and Don Willenburg for Real Parties in Interest Goodyear Tire & Rubber Company and Ingersoll-Rand Company.

Tropio & Morlan, Scott T. Tropio, Christopher J. Hammond and Marisha N. McGaffee for Real Party in Interest Tecumseh Products Company.

Schiff Hardin, Yakov P. Wiegmann, Eliot S. Jubelirer and Kathleen A. Stimeling for Real Party in Interest Union Pacific Railroad Company.

Shook, Hardy & Bacon and Kevin Underhill for Coalition for Litigation Justice, Inc., Association of California Insurance Companies, Chamber of Commerce of the United States of America, National Association of Manufacturers, National Federation of Independent Business Legal Foundation and National Association of Mutual Insurance Companies as Amici Curiae on behalf of Real Party in Interest Caterpillar, Inc.

Schiff Hardin and Yakov P. Wiegmann for Owens-Illinois, Inc., as Amicus Curiae on behalf of Real Party in Interest Caterpillar, Inc.

## OPINION

**ASHMANN-GERST, J.**—The trial court dismissed without prejudice the wrongful death action filed by petitioners (the Snyders).[1] It did so because they failed to comply with Los Angeles Superior Court second amended general order 29 (General Order 29) by identifying witnesses or documents connecting the real party in interest Caterpillar, Inc. (Caterpillar), to the asbestos-related death of Gail Richard Snyder, Sr. The Snyders contend that the dismissal must be reversed. In their view, General Order 29 is invalid because it conflicts with the work product doctrine in Code of Civil Procedure section 2018.030,[2] the proscription against continuing interrogatories in section 2030.060, subdivision (g), the discovery timelines in section 2024.020, and the summary judgment procedure in section 437c. Also, they contend that General Order 29 provides for an invalid terminating sanction. We conclude that General Order 29 either conflicts with, or is inconsistent with, section 2018.030 and, accordingly, grant this writ petition. We express no opinion regarding other points raised.

### FACTS

*General Order 29*

General Order 29 requires a plaintiff in an asbestos action to file a case report within eight months after filing suit. The case report must include a copy of the plaintiff's medical records. It must also set forth the plaintiff's asbestos exposure history, including dates, occupation, location and jobsites, and must identify "each product identification witness and each product identification document upon which plaintiff intends to rely at trial of this matter." A product identification witness or document is one that "provides any essential element of evidence relating to plaintiff's exposure to asbestos-containing products." For nonproduct identification based causes of action, such as conspiracy, fraud and market share, the case report must also state a witness's expected testimony.

A defendant may move "to dismiss without prejudice all or some causes of action" by filing a motion in accordance with the notice requirement of section 1005, subdivision (b). The motion to dismiss may be filed no sooner than 45 days and no later than 75 days after the plaintiff serves the case report. It

---

[1] The Snyders include Mary Hutton Snyder, the widow and the successor in interest to decedent Gail Richard Snyder, Sr., and Linda Snyder Hoyer, Gail Richard Snyder, Jr., Mary Snyder Schreckengost, Margaret Snyder Siegel and Deborah Snyder Doyle, the children of Gail Richard Snyder, Sr.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

must be based entirely on the information in the case report and must briefly explain why dismissal is warranted. No supporting memorandum of points and authorities or declaration is required.

A plaintiff may supplement the case report up to 10 days before the motion to dismiss is heard based on a showing of good cause for not having included the witness or document in the initial report. The plaintiff must then provide a copy of each new document to defense counsel and must make the newly identified witness available for deposition within 75 miles of the Los Angeles County Courthouse located in downtown Los Angeles prior to trial.

General Order 29 contains no provision for a plaintiff to reinstate a dismissed defendant in the lawsuit. Witnesses and documents not listed in the case report or its amendment are excluded at trial unless the court allows their admission on plaintiff's motion.[3]

*The complaint and answer*

The Snyders filed a wrongful death action on November 18, 2005. They alleged that Gail Richard Snyder, Sr., died on May 18, 2005, of lung cancer and other asbestos-related diseases. The first amended complaint, filed April 25, 2006, named 79 defendants, including Caterpillar, and asserted multiple causes of action.

Caterpillar filed an answer on May 16, 2006.

*The Snyders' case report*

The Snyders filed their case report on October 5, 2006, which listed each of Gail Richard Snyder, Sr.'s, numerous employers as a source of occupational exposure. It also listed more than 100 witnesses, 40 of whom were specifically named and 77 of whom were identified as the "[p]erson [m]ost [k]nowledgeable" at various entities, including Caterpillar. The anticipated testimony of each person most knowledgeable was described as relating to the asbestos-containing products "manufactured and/or supplied to decedent's job sites and to which decedent suffered harmful asbestos exposures."

*Caterpillar's motion to dismiss*

On December 12, 2006, shortly after the expiration of the one-year statute of limitations for asbestos-related wrongful death claims set forth in section

---

[3] General Order 29 also states that failure to timely serve and file a case report or to include adequate information in it may subject the plaintiff to sanctions under former section 2023, and by extension, the current section 2023.010 et seq.

340.2, Caterpillar filed a motion to dismiss under General Order 29. It claimed that the case report failed to identify any Caterpillar product that exposed Gail Richard Snyder, Sr., to asbestos, any product identification witnesses against Caterpillar, any product identification documents implicating Caterpillar, or the time or location of any exposure.

In opposition, the Snyders contended that their case report complied with General Order 29, that General Order 29 had not been properly promulgated as a local rule, and that General Order 29 was facially invalid because it conflicted with both the statutory requirements for a summary judgment motion in section 437c and with various statutory discovery provisions.

The trial court granted Caterpillar's motion to dismiss, along with those of approximately 30 other defendants. The court found that General Order 29 did not conflict with section 437c because an expedited dismissal without prejudice was not the equivalent of a grant of summary judgment, did not result in a final judgment, had no collateral estoppel or res judicata effect, and did not foreclose discovery. In the course of the hearing, the court remarked that if the Snyders discovered facts tying the dismissed defendants to the injury before the case went to trial, they could refile or amend their complaint. The order dismissing the complaint against Caterpillar was issued seven months before trial was scheduled to commence.

The Snyders filed a petition for writ of mandate contending that General Order 29 was facially invalid. After considering Caterpillar's preliminary opposition to the petition, this court issued an alternative writ of mandate directing the trial court to set aside the order of dismissal or show cause why this court should not issue a peremptory writ of mandate commanding it to do so. The trial court elected not to set aside the dismissal order and this court set the matter for argument and received additional briefing.

## DISCUSSION

1. *The limits on general orders.*

■ Trial courts can fashion suitable methods for managing complex litigation. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203] (*Rutherford*); *Vermeulen v. Superior Court* (1988) 204 Cal.App.3d 1192, 1195–1196 [251 Cal.Rptr. 805].) And they can issue standard orders. (*Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 705–706 [114 Cal.Rptr.2d 541].) But the orders must be consistent with due process (*Asbestos Claims Facility v. Berry & Berry* (1990) 219 Cal.App.3d 9, 24 [267 Cal.Rptr. 896]) and not be " 'inconsistent with

law' " or conflict with any statewide statute, rule of law or Judicial Council rule (*Rutherford, supra*, 16 Cal.4th at p. 967).

## 2. *General Order 29 conflicts with section 2018.030.*

### a. *The work product doctrine.*

Section 2018.030 provides: "(a) A writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances. [¶] (b) The work product of an attorney, other than a writing described in subdivision (a), is not discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice."

■ The identity of nonexpert witnesses intended to be called at trial is entitled to a qualified work product privilege and cannot be compelled without a showing that denial of such discovery "will 'unfairly prejudice the party seeking discovery or will result in an injustice.' " (*City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65, 79 [134 Cal.Rptr. 468] (*City of Long Beach*).) Moreover, *City of Long Beach* held that disclosure of a witness's anticipated testimony at trial "clearly calls for production of a writing reflecting the attorney's impressions, conclusions and opinions and thus falls within the absolute work product privilege." (*Id.* at p. 80.)

### b. *General Order 29 transgresses* Rutherford *and* City of Long Beach.

General Order 29 requires a plaintiff to disclose "<u>each</u> product identification witness and <u>each</u> product identification document upon which plaintiff intends to rely at trial." In other words, General Order 29 requires a plaintiff to disclose the identities of certain nonexpert witnesses, even though those identities are entitled to a qualified work product privilege, without a motion or a showing of prejudice or injustice. Also, it requires a plaintiff to disclose the product identification documents upon which it intends to rely even though that determination is dependent upon an attorney's impressions conclusions and opinions. In our view, those documents are protected by the absolute work product privilege.

Continuing on, we note that for "each non-product identification based cause of action," General Order 29 requires the plaintiff not only to identify "<u>each</u> witness and <u>each</u> document upon which plaintiff intends to rely at trial," it also requires the plaintiff to state "[t]he expected testimony of the witness." This violates the absolute work product privilege because the expected testimony of a witness involves attorney impressions, conclusions and opinions.

■ We easily conclude that these two requirements in General Order 29 conflict with section 2018.030 and the enunciation of the work product doctrine in *City of Long Beach*. Thus, as constructed, General Order 29 is invalid in its entirety, for when the information privileged by the work product doctrine is taken out of the equation, General Order 29 can no longer serve its intended function. As a result, the dismissal entered in favor of Caterpillar must be reversed.

3. *All other issues are moot.*

In their briefs, the parties argue whether General Order 29 conflicts with sections 2024.020, 2030.060 and 437c, and whether it provides for an invalid terminating sanction. But General Order 29 is invalid due to its conflict with section 2018.030, and deciding whether this invalid general order conflicts with, or is inconsistent with, other provisions in the law is unnecessary to this opinion. Because these other issues are moot, we decline to consider them.

## DISPOSITION

The alternative writ is discharged and the stay is dissolved. Let a peremptory writ of mandate issue directing the superior court to set aside and vacate its order of January 31, 2007, granting real party in interest Caterpillar's General Order 29 motion to dismiss, and to enter a new order denying the motion. The Snyders are to recover the costs of this petition.

Doi Todd, Acting P. J., and Chavez, J., concurred.

The petitions of real parties in interest for review by the Supreme Court were denied April 9, 2008, S160367. Kennard, J., Chin, J., and Corrigan, J., did not participate therein.